NATHAN BARNERT v. THE BOARD OF ALDERMEN OF THE CITY OF PATERSON AND THE NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY.

Argued November 10, 1902—Decided February 24, 1903.

By virtue of a municipal ordinance for opening a street, the relator's land was taken and the residue of his land was assessed for benefits, and he paid the assessment under the belief that all rights necessary for opening the entire street had been acquired

by the municipality. Afterwards he discovered that all necessary rights had not been acquired. *Held,* that, *prima facie,* he was entitled to *mandamus* directing the municipality to acquire the omitted right.

On application for *mandamus.*

Before Justices DIXON and HENDRICKSON.

For the relator, *George S. Hilton.*

For the city, *Michael Dunn.*

For the railroad company, *Corbin & Corbin.*

The opinion of the court was delivered by

DIXON, J. By an ordinance approved March 5th, 1894, the authorities of Paterson laid out Godwin street from Graham avenue to East Eighteenth street, and directed that it should be opened as thus established. This street crossed the railroad of the New York, Susequehanna and Western Railroad Company. In pursuance of the ordinance the board of street openings of the city reported awards for damages and assessments for benefits, with respect to all property affected except that of the railroad company. Among the property thus affected was land of the relator, and upon an adjustment of his awards and assessments he paid to the city a balance of $868, besides interest. Subsequently under a city ordinance the street was graded, curbed and guttered, and the assessment therefor on the relator's land was paid by him. He then discovered that, as no award had been made to the railroad company, the street had not lawfully been opened across its property, and he soon afterwards applied to the board of aldermen to take the necessary steps to open the street across the railroad. An ordinance for this purpose presented to the board in August, 1900, was defeated.

These facts we think show, *prima facie,* a clear right in the relator to have the street opened to the extent indicated by

the ordinance of March 5th, 1894. So much seems necessary to give him the benefit for which his land and money were taken. To enforce this right he now asks for a writ of *mandamus.*

The objections urged against the allowance of such a writ come from the railroad company and are—*first,* that the municipal proceedings for the opening of the street are, as against the company, invalid; and *second,* that the question whether new proceedings to open the street across the railroad should be taken, is one addressed to the discretion of the board of aldermen, and, hence, the board cannot in deciding it be controlled by *mandamus.*

The first objection is evidently not conclusive, for if true it can be obviated by new proceedings.

The second objection depends upon the truth of the first, and if it be so supported, it is certainly formidable, but perhaps under the peculiar circumstances of the case not fatal. Whether it should prevail is we think a matter deserving to be put in such form as will permit of its decision in the court of last resort.

To that end we award an alternative *mandamus.*